In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00385-CV**
_____

**GEORGE EARL DANNER, Appellant**

**V.**

**KATHRYN M. DANNER, Appellee**

**On Appeal from the 418th District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-03-04143-CV**

**ORDER**

By motion, George Earl Danner asked this Court to lower the supersedeas bond the trial court required him to post to supersede Kathryn M. Danner's right to execute on a judgment pending the outcome of George's appeal. Because the record fails to show the trial court abused its discretion by setting George's supersedeas bond at $1,933,915.60, we deny his motion. Nevertheless, we note that trial courts have continuing jurisdiction to consider modifying the security that they have

1

required defendants to post to suspend a plaintiff's right to enforce a judgment given changes in circumstances that may occur while a case is subject to appeal. *See* Tex. R. App. P. 24.3(a). Given that George can ask the trial court to reconsider the amount of the supersedeas bond, we lift our stay of the trial court's November 15, 2018 order effective as of December 17, 2018, to allow George the opportunity to file a motion in the trial court, with evidence supporting his claim seeking a reduction in the required bond.

## Background

The parties dispute whether the amount of the supersedeas bond should be reduced. The necessity for the supersedeas bond in this case arises from the trial court's resolution of the parties' rights to property in their divorce. The trial court signed the final decree, which is at issue in this appeal, on September 7, 2018. Within a month of the date the trial court issued the decree, George perfected his right to appeal so that he could challenge the terms in the final decree. Approximately one week after George filed his notice of appeal, Kathryn filed a motion asking that the trial court require George to turn over the assets in four brokerage accounts, which the trial court had divided between the parties in connection with the parties' divorce.

The trial court held a hearing on Kathryn's motion on October 31, 2018. During the hearing, the attorneys for the parties agreed that the supersedeas bond

2

should be $1,933,915.60. Just over a week after the hearing, George filed a motion to reduce the amount of the supersedeas bond. George alleged that he did not have sufficient assets to obtain a supersedeas bond of $1,933,915.60, but he failed to attach any evidence to his motion. Nothing in the record shows that the trial court conducted an evidentiary hearing on George's motion. The record also fails to show that George obtained a date for the trial court to conduct a hearing on his motion.

On November 13, 2018, without mentioning George's November 9, 2018 motion, the trial court signed a post-judgment order and set George's supersedeas bond at $1,933,915.60. *See* Tex. R. App. P. 24.2(a). Two days later, the trial court conducted a hearing to determine whether George had posted a supersedeas bond in the amount required by its November 13, 2018 order. During the November 15 hearing, George's attorney advised the trial court that he had filed a motion to reduce the amount of the bond, but he acknowledged that George had previously agreed to a supersedeas bond of $1,933,915.60. At the conclusion of the hearing, the trial court denied George's request and ordered that George turn over the funds in the brokerage accounts pursuant to the awards in the final decree.

On the same date the trial court denied George's request to reduce the supersedeas bond, he filed an emergency motion in this Court asking us to stay the trial court's order enforcing the turnover order. Three days later, George filed a

3

motion in this Court asking us to review and reduce the amount the trial court set for his supersedeas bond. George attached six exhibits to the motion he filed in this Court, including an affidavit about his net worth. We note that George's net worth affidavit contains the style of the case as if he intended to file the document in the trial court; nothing on the document, however, shows that he filed it there. Moreover, George's net worth affidavit is not identified as an exhibit in any of the motions filed with the District Clerk. And it does not appear the trial court ever had the opportunity to consider George's net worth affidavit, as it bears a date of November 19, 2018, nine days after George asked the trial court to reduce the amount of the supersedeas bond.

On November 21, 2018, this Court temporarily stayed the trial court's November 15, 2018 turnover order to review whether the trial court should have enforced its judgment before resolving George's impending appeal. *See* Tex. R. App. P. 24.4(c). Approximately one week after we stayed the trial court's order, Kathryn filed pleadings in this Court opposing George's request. Additionally, Kathryn filed pleadings challenging this Court's jurisdiction over George's request seeking to alter the amount of his bond. According to George, the trial court summarily denied his motion to reduce his supersedeas bond without giving him the chance to present evidence or argument to support his motion.

Analysis

Nothing in the transcript of the hearing that resulted in the order requiring George to turn over the brokerage accounts shows that George tried to present evidence during the November 15 hearing to support his request for a reduced bond. Additionally, there is no evidence showing that George attempted to call witnesses to prove he could not secure a supersedeas bond, to prove that he had attempted but could not secure such a bond, or to show that George objected to the trial court's decision to rule on Kathryn's motion before he presented evidence on his motion.

Based on the proceedings that occurred during the November 15 hearing, we hold the trial court did not err by denying George's motion. That said, we note that trial courts have the authority to alter the security that must be posted to suspend a judgment, even after the trial court has otherwise lost its plenary power over the judgment while the case is on appeal. *See* Tex. R. App. P. 24.3(a). If the trial court alters the amount of the supersedeas bond, the trial court has exercised authority that is subject to review upon appeal. *See* Tex. R. App. P. 24.4(a)(5). For that reason, appellate courts have jurisdiction to consider a trial court's ruling on a motion to alter the amount the defendant must post to suspend another party's right to execute on the judgment while the case is on appeal. *Id.*

But in this case, the motion George filed contained no supporting evidence, and George also failed to support his motion with any evidence during the hearing the trial court conducted after he filed a motion seeking a reduced bond. On this record, we conclude that George has failed to show the trial court erred by denying his motion. Based on our conclusion the trial court did not err but that it has continuing jurisdiction to consider altering George's bond, we lift the stay we previously issued regarding the court's order. We dissolve the stay, as of December 17, 2018, so that George may present the trial court with evidence supporting his claim that the trial court should reduce the supersedeas bond.

ORDER ENTERED December 11, 2018.

PER CURIAM

Before McKeithen, C.J., Horton and Johnson, JJ.

6